## McAndrews *v.* McAndrews, Appellant.

*Divorce—Desertion—Evidence.*

A husband cannot plead as a justification of his desertion of his wife, that she was neglectful of her domestic duties, that she nagged him by following him at times and observing his movements and that on a few occasions she had used intoxicating drinks, and this is especially so where it appears that the husband used liquor habitually himself, and that he was absent from home much of the time at night and his wife was interested in knowing where he was and what he was doing.

*Divorce—Alimony—Husband's income.*

An allowance to a wife of $20.00 a month alimony where the husband's salary is $135.40 a month, is not unreasonable.

Argued April 11, 1906.    Appeal, No. 30, April T., 1906, by defendant, from decree of C. P. No. 2, Allegheny Co., Jan. T. 1904, No. 568, granting divorce in case of Annie McAndrews v. John McAndrews.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Libel for divorce.    Before YOUNG, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of court.

*E. S. Weyand,* of *Weyand & Moorhead,* with him *Harry J. Nesbit,* for appellant.

*M. R. Marshall,* for appellee.

OPINION BY HENDERSON, J., June 30, 1906 :

The conclusion of the trial judge is supported by the weight of the evidence.    The appellant admits that he separated from his wife and that he refused and still refuses to longer cohabit with her.    His default is manifest unless he can make it appear that his action was justified by conduct on the part of the appellee which would entitle him to a divorce.    We do not find from the evidence brought up that such conduct is proved. The appellant alleges that his wife was neglectful of her do-

mestic duties ; that she nagged him by following him at times and observing his movements and that she was addicted to the use of intoxicating drinks, but the evidence does not come up to the measure necessary to meet the requirements of the act of assembly.  That part of it relating to the management of her house by the appellee is not sufficient if taken as true, and is contradicted.  The wife's conduct in following her husband does not tend to establish an intolerable condition or to render the life of her husband burdensome.  It is moreover accounted for by the appellee on the ground that her husband was absent from home much of the time at night and she was interested in knowing where he was and what he was doing.  The evidence of the use of intoxicating liquors by the appellee relates to a few occasions and could not be said to be a justification of the husband's action in deserting her.  It has less weight in view of the appellant's admission that he used liquor habitually, himself.  The learned trial judge was satisfied that the charge of cruel and intolerable treatment was established by the preponderance of the evidence and we have not reached a different conclusion after a careful examination of the testimony. The allegations of the libelant were corroborated to a considerable extent by the testimony of Mrs. Beam, Mrs. O'Brian and James McNamara and the impression which this evidence produces is not removed by the testimony offered by the appellant.

The amount of alimony allowed is not disproportionate to the estate of the respondent.  His salary is $135.40 a month and $20.00 a month is not an unreasonable proportion of that to be applied to his wife's maintenance.  The income from the property shown to belong to her is not large and probably does not afford more than would provide the appellee a comfortable living in connection with the amount awarded by the court. The decree for alimony is subject to modification, however, at any time on cause shown and the appellant is not without relief with reference thereto when the facts warrant intervention by the court in which the decree was entered.  The experience and sound judgment of that tribunal is a safeguard to the appellant if conditions arise which justify a reconsideration of that subject at any time.

The decree is affirmed.