# Jones, Appellant, *v.* Jones.

*Divorce—Alimony pendente lite—Discretion of court—Review—Appeals.*

The appellate court will not review the discretion of the court of common pleas in making an order in divorce on a husband for $10.00 a week alimony pendente lite, where the husband fails to show by the preponderance of evidence that his wife had agreed to a sum of $5.00

per week, and also fails to support by adequate proof that she had sufficient resources of her own for her adequate support, and that his estate was not sufficient to justify the allowance made by the order.

Argued Oct. 23, 1908. Appeal, No. 157, Oct. T., 1908, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1908, No. 256, awarding alimony pendente lite in case of Charles T. Jones v. Catherine C. B. C. Jones. Before Rice, P. J., Porter, Henderson, Morrison, Head and Beaver, JJ. Affirmed.

Libel for divorce.
Rule for alimony pendente lite.
The facts appear by the opinion of the Superior Court.

*Error assigned* was in making absolute rule for alimony pendente lite for $10.00 per week.

*John F. Gorman*, for appellant.—There was an agreement, when the parties separated, that $5.00 per week should be paid, and we submit that under the law the lower court was wrong in ordering the payment of $10.00 per week to appellee under the circumstances disclosed by the testimony: Bloom v. Bloom, 8 Pa. Dist. Rep. 563; Bennett v. Bennett, 28 Pa. C. C. Rep. 507; Powell v. Powell, L. R. 3 P. & D. 55.

The law is well settled that under circumstances such as these a wife, having a separate estate of her own given her by the husband, is not entitled to an allowance for alimony: Shoemaker v. Shoemaker, 5 Pa. Dist. Rep. 449; Culbertson v. Culbertson, 13 Pa. Dist. Rep. 442; Garretson v. Garretson, 14 W. N. C. 566; Salsberg v. Salsberg, 10 Kulp, 378; Davis v. Davis, 12 Luz. L. Reg. Rep. 111.

*William H. Peace*, for appellee.—The allowance or non-allowance of alimony, its amount and duration are entirely matters within the discretion of the court and not subject to review, except in cases of gross and palpable abuse of that discretion: Breinig v. Breinig, 26 Pa. 161; McClurg's App., 66 Pa. 366; Waldron v. Waldron, 55 Pa. 231; Fernald v. Fernald, 5 Pa. Superior Ct. 629; Griffin v. Griffin, 23 Howard's Prac. 189; Moncrief v. Moncrief, 10 Abbott's Prac. 315.

Per Curiam, November 16, 1908:

The appellant's contention that the appellee was precluded from applying for an order for alimony pendente lite by the fact that upon or after their separation an agreement was made between their respective attorneys, under which he was to pay her, and has paid her, $5.00 a week for her support, rests in the main upon his testimony alone, and even he does not testify that he was present when such agreement was made. The attorneys were not called, nor was anyone who was present called, to testify to the fact of the agreement; it is not set up in the answer; its terms are not shown with any degree of certainty; and the testimony of the appellee tends to show that no such agreement was made by her authority. Inasmuch as the appellant on March 20, 1907, wrote to the appellee, "Enclosed is my check for $20 allowance for two weeks from March 7, '07; however this amount of $10 will be sent you weekly," it was incumbent on him to show by the preponderance of competent testimony a subsequent valid agreement between them reducing the allowance to $5.00 a week, before he could even raise the legal question whether such subsequent agreement would, of itself and regardless of other circumstances, be conclusive either as to her right to ask for an order for alimony pendente lite or as to the amount of alimony that should be allowed. This he has not done.

The remaining reasons assigned for objecting to the order are, in substance, that the appellee has a separate estate of her own which is ample for her support, and that she has two children capable of supporting her, whilst the appellant is insolvent and cannot afford to pay her any more money for that purpose. In answer to these contentions, it is shown that her income from her separate estate, after deducting interest on the incumbrances thereon, taxes, water rent and cost of repairs, would be utterly insufficient to maintain her properly; that her son, by reason of his illness, has been unable to contribute to her support for a considerable length of time; and that her daughter, seventeen years old, is out of a position where she can earn money, and, besides, is needed by her mother, who is ill, to care for her. The appellee introduced ample testi-

mony, if believed, to warrant a finding that the appellant's income is sufficient to enable him to pay the small weekly allowance decreed by the court. This testimony, consisting in part of admissions alleged to have been made by him, was corroborated by the exhibition of his bank book showing deposits made to the credit of his account, during the first six months of the year 1908, amounting in number to thirty and in the aggregate to $2,696.82, and his testimony relative to the sources from which these deposits came is evasive and insufficient to warrant a finding that the money so deposited was not his own.

We have gone farther into the testimony than was required; for even if it be conceded that an appeal lies from an interlocutory order of this nature, it is clear that the appellate court will not reverse, except for plain abuse of discretion, and that nothing approaching that appears in this case.

The order is affirmed, and the appeal dismissed at the costs of the appellant.