# Karmany, Appellant, *v.* Karmany.

*Divorce—Modification of decree—Discretion of court.*

In determining the amount of alimony to be paid by a husband to his wife, from whom he was divorced the husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of all parties are to be considered in determining a fair and just amount which the husband should pay to maintain the wife. Any change in the conditions, such as the inability of the husband to pay or the lack of necessity for the wife are proper matters for consideration by the court having jurisdiction of the petition and the decree may be modified in accordance with the facts.

Submitted Nov. 19, 1918. Appeal, No. 66, Oct. T., 1918, by complainant, from order of C. P. Lebanon Co., September T., 1908, No. 176, refusing to modify a decree for alimony in divorce in case of Lincoln Karmany v.

308, (1919).]   Statement of Facts—Opinion of the Court.

Helen I. Karmany.   Before ORLADY, P. J., PORTER, HEN-
DERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.
Affirmed.

Petition to modify decree for alimony.   Before HEN-
RY, P. J.

The facts are stated in the opinion of the Superior
Court.

The court below entered the following order:

"And now, to wit, December 27, 1917, the prayer of the
petitioner is refused."

*Error assigned,* among others, was the order of the
court.

*Bassler Boyer,* for appellant.

*L. Raymond Riegert* and *E. D. Siegrist,* for appellee.

OPINION BY ORLADY, P. J., March 12, 1919:

After securing a verdict, the libelant was granted a
divorce from the respondent, upon the grounds of cruel
and barbarous treatment, etc., by a decree of the court
below, on December 24, 1909, and was ordered to pay
alimony to the appellee, which without complaint or
objection he made thereunder until January 1, 1917,
when he presented a petition for a modification of the de-
cree as to the amount of alimony to be paid.   The decree
made by the court is stated to have been "with the con-
sent of the complainant to pay alimony to the respondent
at the rate of $175 per month, monthly, commencing
January 1, 1910, until the time when Edward L. Kar-
many, the son of the parties, arrives at the age of twenty-
one years, and thereafter the complainant shall pay ali-
mony to the respondent at the rate of $160 per month,
monthly, for and during his, the complainant's natural
life."

At the time of making the decree the respondent was without any independent means of support, and the libelant received a salary of $5,000 per year, as a colonel of a United States marine corps stationed at Manila, P. I., with an allowance of about $1,000 for expenses. In March, 1915, the mother of the respondent died, and under her will she became entitled to a one-third interest in real estate valued at $67,000, a special legacy of $500, and a one-third interest in personal estate amounting approximately to $1,643. The application to modify or annul the decree awarding alimony is based on the changed financial conditions of the respondent. The court found as a fact on sufficient evidence, that there was no deception practiced on the libelant in securing his assent to the amount originally named. And further, that at the time this decree was made the respondent had received but a trifle from her mother's estate, which was then in process of settlement,—the real estate being unsold and no revenue derived therefrom over and above necessary payments for taxes, insurance and repairs, so that her financial ability to maintain herself and son was not substantially changed since the decree was originally entered.

Whether alimony shall be granted is a matter of law. How much shall be granted is a matter of judicial discretion. The court may annul or suspend such a decree in a proper case, but it is left to its discretion by the very words of the statute. Where the wife has not a separate estate she must be subsisted, and the husband has no right to suspend the payment under such a decree without an order from the court. There are no fixed rules as to the amount to be allowed. It is not to be measured solely by the wife's necessities. The husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are all to be considered in determining a fair and just amount which the husband should pay to maintain the wife. The allowance of permanent alimony is based on the

relative incomes of the husband and the wife, which furnish a reasonable base for making a proper allowance for the wife's maintenance. Any change in these conditions, the inability of the husband to pay or the lack of necessity for the wife to receive, are proper matters for consideration by the court having jurisdiction of the petition: 2 Bishop on Mar. and Div., Secs. 358, 363, 369; Hardy v. Hardy, 144 Ill. 558, s. c. 21 L. R. A. 310; Stewart on Mar. and Div., Secs. 372 and 373.

The decree entered in this case is affirmed for the reasons given by the court below, without prejudice to the libelant to present a further petition after there is a definite change in the financial condition of the wife.