## Koehler *v.* Koehler, Appellant (No. 1).

*Divorce—Cruel and barbarous treatment—Alimony pendente lite —Counsel fees.*

In an action for divorce an order awarding twelve dollars per week, as alimony pendente lite, and $500 counsel fees will not be disturbed, where there was evidence that such an order is entirely proper, in view of the circumstances of the parties, and where there is nothing to show that the court committed any abuse of discretion.

Argued April 28, 1919. Appeal, No. 47, Oct. T., 1919, by libellant, from order and decree of C. P. Northampton Co., July T., 1918, No. 14, in the case of Alice M. Koehler v. Wenselus Koehler. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Libel in divorce and petition of libellant for alimony pendente lite and counsel fees. Before STEWART, P. J.

The facts are stated in the opinion of the Superior Court.

The court made an order directing the respondent to pay libellant $500 counsel fees and $12 per week allowance for her support, pendente lite. Libellant appealed.

*C. W. Smith,* of *Smith, Paff & Laub,* and with him *E. C. Nagle,* for appellant.—The award for alimony was totally inadequate and the appellate court may modify the decree by giving the libellant an allowance commensurate with the circumstances of the parties: Lynn v. Lynn, 68 Pa. Superior Ct. 324; Ellis v. Ellis, 2 W. N. C. 49; Betz v. Betz, 70 Pa. Superior Ct. 396; McAndrews v. McAndrews, 31 Pa. Superior Ct. 252; Crawford v. Crawford, 54 Pa. Superior Ct. 304; Crawford v. Crawford, 64 Pa. Superior Ct. 30; McClurg's App., 66 Pa. 366.

*Asher Seip,* and with him *George W. Geiser,* for appellee.—The allowance of alimony, its amount and duration are entirely matters within the discretion of the court: Breinig v. Breinig, 26 Pa. 161; McClurg's App., 66 Pa. 366; Waldron v. Waldron, 55 Pa. 231; Fernald v. Fernald, 5 Pa. Superior Ct. 629; Jones v. Jones, 37 Pa. Superior Ct. 442; Lynn v. Lynn, 68 Pa. Superior Ct. 324.

OPINION BY PORTER, J., October 13, 1919:

This is an appeal from an order of the court below made in a proceeding for divorce in which the wife was the libellant. The order appealed from required "the respondent (the husband) to pay libellant five hundred dollars as counsel fees, and twelve dollars per week allowance for her support pendente lite, to be calculated from the inception of the writ to the date of payment, the amount of expenses to be determined hereafter." The libellant appeals from this order, alleging that the court below abused its discretion in allowing only twelve dol-

lars per week alimony pendente lite, in the circumstances of this case.

The learned judge of the court below acted upon the suggestion of counsel for this appellant when he left the amount to be paid to the libellant for her expenses in this litigation to future determination. The amount allowed the libellant as counsel fees seems to have been satisfactory, the only question being as to the amount of the weekly allowance for her support during the pendency of the litigation. The orders which a court makes requiring a husband to make payments to his wife, during the pendency of a proceeding for divorce, for her expenses and maintenance, are commonly designated as an allowance of alimony pendente lite. The sums thus paid are not in strictness alimony, and the authority to make them is founded upon long established practice, and not upon statute. The amount to be awarded in cases of this character is, as a general rule, purely within the sound discretion of the court below, and the appellate court will not reverse except where a plain abuse of discretion is made clearly manifest. The power to make the order is to be exercised for the purpose of maintaining the wife in a manner warranted by the station in life of the parties, during the period that the proceeding may with due diligence be prosecuted to a conclusion. The provision should be a reasonable one, not so large as to present a temptation to the wife, who is the libellant, to delay the proceeding, while continuing to live apart from her husband. The necessity of the wife constitutes the controlling element; in determining how much is necessary it is proper for the court to consider the station in life of the parties and the manner in which they have lived, as well as the ability of the husband to pay, but the order ought never to be made for the purpose of transferring a part of the estate of the husband to the wife, nor should it be made upon the theory that the wife is entitled, during the pendency of the proceeding, to the entire income of her dower interest in her husband's estate. This libellant

seeks a divorce from the bed and board of her husband; if she succeeds in establishing her right to a decree she will be entitled to alimony, the utmost limit of which will be one-third of the annual income received by the husband from his estate, and his occupation and labor. She is not, however, entitled to such alimony until she first establishes her right to a decree. During the pendency of the proceeding she is entitled only to a reasonable allowance for her maintenance. The learned judge of the court below filed an opinion which clearly shows that he gave to this question intelligent and conscientious consideration. The conclusion at which he arrived seems to us entirely reasonable and we certainly cannot say that it involved an abuse of discretion.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.