## Ray, Appellant, *v.* Ray.

*Divorce—Alimony and counsel fee—Amount.*

An order that the libellant pay a counsel fee of $250.00 and $50.00 a month for support will be affirmed, where the record established that the libellant received a salary of $4,000 a year and gross rentals of over $3,000 annually from real estate held by the parties as tenants by entireties.

It is the duty of the court to make a proper allowance to a wife if she be not in herself of sufficient ability to enable her to maintain or defend her suit, having regard to the ability of the husband. The amount and duration of such an allowance is a matter within the discretion of the Court.

An order for alimony and counsel fees should not relate back beyond the filing of the petition for such an allowance and an order directing that it should be calculated from the inception of the writ, will be modified.

Argued December 8, 1926.  Appeal No. 151, October T., 1926, by plaintiff, from order of C. P. Northampton County, July T., 1925, No. 94, in the case of Joseph L. Ray v. Nora D. Ray.  Before Porter, P. J., Trexler, Keller, Linn, Henderson and Cunningham, JJ. Modified and affirmed.

Petition for alimony and counsel fees.  Before Mc-Keen, J.

The facts are stated in the opinion of the Superior Court.

The Court ordered the libellant to pay the respondent $250 counsel fees, and the sum of $50 per month, allowance for her support, pendente lite, calculated from the inception of the writ. Plaintiff appealed.

*Error assigned* was the order of the Court.

*W. H. Kirkpatrick,* of *Kirkpatrick and Maxwell,* for appellant.

*John Francis Williams,* and with him *Raymond Pace Alexander,* for appellee.

Opinion by KELLER, J., March 3, 1927:

The amount to be allowed a wife, respondent in divorce, for her support pendente lite and counsel fees is largely in the discretion of the Court of Common Pleas, subject to the condition that the allowance for support should not substantially exceed one-third of the income from the property and labor of the husband: Lynn v. Lynn, 68 Pa. Superior Ct. 324, 331. "There are no fixed rules as to the amount to be allowed. It is not to be measured solely by the wife's necessities. The huband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are all to be considered in determining a fair and just amount which the husband should pay to maintain the wife": Karmany v. Karmany, 71 Pa. Superior Ct. 308, 311. "It is undoubtedly the duty of the court to make a proper allowance to the wife, if she be not herself of sufficient ability, to enable her to maintain or defend her suit, having regard to the ability of the husband; and it never fails to do so. But this is entirely within the discretion of the court, both as to amount and duration, and not subject to review": Waldron v. Waldron, 55 Pa. 231, 235. "Want of sufficient ability to pay the expenses does not imply absolute destitution, and dependence upon

the charity of others for support": Fernald v. Fernald, 5 Pa. Superior Ct. 629, 631. See also McAndrews v. McAndrews, 31 Pa. Superior Ct. 252, 253; Jones v. Jones, 37 Pa. Superior Ct. 442, 443.

In the present case the court below ordered the libellant to pay his wife a counsel fee of $250 and $50 per month allowance for support. It was shown that he received a salary of $4000 a year and gross rentals of $3060 annually from real estate held by the parties as tenants by entireties. It was undisputed that she possessed a piano and considerable jewelry and owned two pieces of real estate in the City of Chicago, one of which produced a net income of about $900 a year, and the other of which was, and had been for some time prior to her marriage, occupied as a dwelling by her near relatives, free of rent. We have no doubt the court below took into consideration her separate estate in fixing the amounts to be paid by libellant as above; otherwise the amount awarded for her support would probably have been larger. We need not go more fully into the details of their respective incomes and estates, for we are of opinion that the income from the estate held by entireties alone justifies the order, or at least is such as to disprove any clear abuse of discretion by the lower court. Appellant's gross income from this source was $3060. The expenses paid by him for about nine months in the current year amounted to $1742; but this sum included taxes, water rent and interest for the entire year. We think it fair to assume that the net annual income from this source is between $1000 and $1200. By the Act of May 13, 1925, P. L. 649, in case libellant is granted a divorce the property thus held by entireties may at the suit of either party be ordered sold and the proceeds divided equally between them. And by the decision of the Supreme Court in O'Malley v. O'Malley, 272 Pa. 528, in case of such divorce the

wife will be entitled to one-half of the net rents until sold as above. The order of the court appealed from requires the appellant to pay for the support of his wife little, if any, more than she will be entitled to from said estate in case his action for divorce is successful. In such a situation we find no clear abuse of discretion in the order appealed from.

The order, however, must be modified in so far as it directs the allowance for support to be calculated from the inception of the writ. It should not relate back beyond the date of the filing of the petition for such allowance, to-wit, August 10, 1925. As thus modified, it is affirmed at the costs of the appellant.