## Bickel v. Bickel

*Paul H. Price,* for libellant; *L. G.* and *R. H. Yoder,* for respondent.

SHANAMAN, J., January 11, 1932.—George W. Bickel filed a libel in divorce against Sarah I. Bickel, his wife, on February 2, 1928. When the libel was filed, libellant was subject to an order of support in the weekly sum of $6, which respondent had obtained against him in the Court of Quarter Sessions of Berks County, to No. 78, September Sessions, 1925. On February 8, 1928, respondent obtained an order in the present proceeding for $100 for counsel fees and expenses. On April 10, 1928, respondent filed an answer, averring that libellant's cruelties and indignities compelled her to leave him. On January 12, 1931, the court, on motion, appointed a master, who, after several hearings, which were attended by the parties, their lawyers and witnesses, filed a report on June 17, 1931, recommending a divorce. On June 20, 1931, respondent filed exceptions, and on July 29, 1931, filed a petition for alimony pendente lite. Libellant answered the petition, averring impecuniosity and unemployment,

and admitting that on July 25, 1931, he was in arrears upon the nonsupport order in the sum of $289, and on October 24, 1931, in the sum of $367. Respondent demurred, and argument on the demurrer was had.

The husband's duty to pay alimony pendente lite or support for the wife during the period of the litigation in which the one seeks to terminate the marriage and the other to preserve it, is not abrogated by the suit for divorce: Churchill v. Churchill, 25 Pa. C. C. 237. Therefore, the existing order to pay $6 weekly in the quarter sessions was not abated or nullified by the divorce proceeding. Furthermore, the wife was entitled to apply for alimony pendente lite in the divorce proceeding and to have a proper award made in that litigation. Impecuniosity of the libellant is not effectual absolutely to prevent an order, but may affect the remedy for its enforcement. An award of alimony pendente lite, if not paid, either from impecuniosity or otherwise, would at least operate, as a general rule, to stay the husband's suit during the period of nonpayment: Schireman v. Schireman, 7 Pa. C. C. 110.

We are of opinion that the respondent is entitled to alimony pendente lite from the date of the filing of her petition, July 29, 1931. We do not consider her entitled to an order relating back prior to that date for at least two reasons. First, the existing order in the quarter sessions is valid and obligatory upon libellant, and amounts now to a legally enforceable claim of over $300. Secondly, the respondent sought and obtained an order for counsel fees and costs of suit, and has up to this time been able to defend, and has defended, the suit. More than three years had elapsed since suit brought, prior to her petition for alimony. An order of alimony pending divorce litigation is in its nature prospective and is intended to provide support for the wife and to maintain her ability to exist and to contest the libellant's application for divorce. Where the request for alimony is promptly made, the order may properly date the payments back to the filing of the bill: Coolidge v. Coolidge, 18 Phila. 295. But when the application for alimony is made at so late a date as in the present case, to wit, after the master's report recommending a divorce has been filed, and three years and five months after the filing of the libel, no good purpose would be served nor any equity of the wife enforced by awarding alimony back to the beginning of the suit.

In the absence of testimony as to the earning power of the libellant, and as to the need of the respondent, we shall adopt the figure at which his present nonsupport order has been permitted to stand and order alimony pendente lite in the sum of $6 per week from July 29, 1931. It is also ordered that future payments, in a like sum, in the nonsupport office of the court of quarter sessions, upon the support order in No. 78, September Sessions, 1925, in the court of quarter sessions, shall be deemed a compliance with this order of alimony and shall entitle the libellant to a credit on this order for such sums as may be there paid. Under the circumstances, we do not think it necessary to enter into a hearing as to the earning power of the libellant and the need of the respondent: Koehler v. Koehler (No. 1), 73 Pa. Superior Ct. 41; but if the financial condition of either of the parties should change materially after this date, and prior to the conclusion of the litigation, counsel may petition for a modification of our present order.

And now, to wit, January 11, 1932, the demurrer to the answer is sustained and alimony pendente lite is awarded from July 29, 1931, until the conclusion of the litigation, at $6 a week, which may be paid as indicated in the opinion this day filed. All proceedings in this suit to stay pending compliance with this order.

From Charles K. Derr, Reading, Pa.