## Meinel v. Meinel, Appellant.

Argued December 15, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP,

160

CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*George J. Edwards, Jr.,* for appellant, cited: Ponthus v. Ponthus, 70 Pa. Superior Ct. 39; Herbertson v. Herbertson, 30 Dist. 692; Powers' Appeal, 120 Pa. 320.

No appearance and no printed brief for appellee.

OPINION BY STADTFELD, J., July 14, 1933:

This is an appeal by respondent from the order of court reducing the amount of alimony pendente lite from $100 per week to $60 per week, on a rule to vacate the order for alimony, where no application for a reduction had been made.

On August 25, 1930, the lower court upon petition, answer and depositions, entered an order that the husband, libellant, pay to the wife, respondent, alimony pendente lite at the rate of $100 per week, without prejudice to the right of either party to apply later for a modification.

On August 30, 1932, a final decree was entered divorcing the libellant from his wife.

The libellant, on September 26, 1932, entered a rule on his wife to show cause why the decree for alimony should not be vacated as of August 23, 1932, payment

having been made to that date. A responsive answer was filed by respondent, denying each allegation of the petition.

The court below, LEWIS, J., on November 10, 1932, discharged the rule to vacate and made absolute a rule reducing the order for alimony pendente lite from $100 per week to $60 per week. From the order so reducing the amount of alimony, this appeal is taken by respondent.

At the time this appeal was taken no appeal had been taken by respondent from the decree granting the divorce. An appeal was subsequently taken at No. 358, October Term, 1932, and argued with this case, and an opinion filed herewith.

Appellant contends that the court below, having discharged the rule to vacate the decree for alimony pendente lite, had no authority to reduce the amount of alimony theretofore granted, without a petition or a separate rule in support thereof. The right to alimony pendente lite is statutory. (Act of May 2, 1929, P. L. 1237, Sec. 46.) "How much shall be granted is a matter of judicial discretion. The court may annul or suspend such a decree in a proper case, but it is left to its discretion by the very words of the statute." ORLADY, P. J., in Karmany v. Karmany, 71 Pa. Superior Ct. 308, 310. The Act of 1929, supra, has not changed the discretionary power vested in the court.

We quote from the opinion of our Brother BALDRIGE, in Kuehnle v. Kuehnle, 103 Pa. Superior Ct. 415, 416; 157 A. 218: "The order of the court allowing a wife her expenses, alimony pendente lite, is, in its nature, interlocutory and the amount thereof is largely within the sound discretion of the court, and the appellate court will not reverse except for plain abuse of discretion. In Ray v. Ray, 89 Pa. Superior Ct. 566, this court, speaking through Judge KELLER, said, at page 567: 'The amount to be allowed a wife, respondent in

divorce, for her support pendente lite and counsel fees is largely in the discretion of the court of common pleas, subject to the condition that the allowance for support should not substantially exceed one-third of the income from the property and labor of the husband.' '' To same effect, see 'White v. White, 106 Pa. Superior Ct. 80, 161 A. 464.

While the rule in this case was on a petition to annul, the greater necessarily included the less. We cannot say that the lower court abused its discretion in reducing the alimony as stated.

The assignments of error are overruled and the appeal dismissed.