Cerine, Appellant, *v.* Cerine.

Submitted November 22, 1933.

Before
TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-
FELD and JAMES, JJ.

*A. A. Vosburg,* and with him *A. Floyd Vosburg,*
for appellant.

*George W. Ellis,* for appellee.

OPINION BY TREXLER, P. J., February 1, 1934:

This is an action of divorce by a husband against
his wife, the charges being cruel and barbarous treat-
ment and indignities to the person. President Judge
NEWCOMB, who heard the case, refused to grant the
divorce on the ground that what was affirmed on one
side, was denied on the other to such an extent that
there was no preponderance of proof in favor of the
libellant.

After a careful reading of the testimony, we have
come to the same conclusion. The libellant testified

to a number of acts on the part of the wife which standing alone would lend credence to the allegations in the libel. As to some of these occurrences he is corroborated as to the more material matters by an employee, who worked with him. On the other hand, the respondent categorically denied the occurrences upon which the libellant relied and she is mainly corroborated in her testimony by a daughter who was living with the parties.

There was some evidence, which was not contradicted, and which may properly be considered as affecting his credibility that the libellant approached a witness who was subsequently called on behalf of the respondent and told her he would take care of her if she would keep away and not say anything of what she knew concerning the case. There was also evidence which indicated that the libellant's affections had been transferred to another woman. While this matter was not gone into as fully as it might have been because the lower court commented upon the fact that there was no allusion made to it in the respondent's answer, there was sufficient testimony by disinterested witnesses to show that the libellant was "running around" with another woman, even if there was no positive proof of criminal intimacy. The husband could not expect the respondent to have the same feeling toward him after she had learned of his philandering. But disregarding this feature of the case, the conclusion of the lower court is well founded upon the fact, as stated, that there was no preponderance of proof in favor of the libellant, and it follows that the libel was properly dismissed.

The decree of the lower court is affirmed, the appellant to pay the costs.