Homler *v.* Homler, Appellant.

Argued October 29, 1935.

Before
KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES
and RHODES, JJ.

*J. J. Kintner,* for appellant.

*Ellis L. Orvis,* with him *William Hollis,* for appellee.

OPINION BY JAMES, J., December 11, 1935:

Libellant filed her libel for divorce a mensa et thoro, alleging wilful and malicious desertion, cruel and barbarous treatment and indignities to the person so as to render her condition intolerable and life burdensome, to which respondent filed an answer denying all of the alleged causes. Libellant then presented a petition for alimony and counsel fees upon which, after hearing, the court made an order of $15 per month as alimony pendente lite and $125 as counsel fees and expenses, from which order this appeal was taken.

Appellant complains that because the libellant is still occupying the same domicile as the husband, that the wife was not entitled to alimony. Although living under the same roof, the court was fully warranted in finding that respondent was not supporting libellant and the marital relations had been discontinued. Under the Act of February 26, 1817, 6 Sm. L. 405, in order to entitle a wife to a divorce a mensa et thoro on the ground of indignities to her person; the indignities must have been such as to "force her to withdraw from his house and family," which requirement however has been omitted from the Divorce Law of 1929, P. L. 1237, §11. In the recent case of Cunningham v. Cunningham, 119 Pa. Superior Ct. 380, 181 A. 458, we said: "The fact that the parties are living together in the same house, does not, since the Act of June 28, 1923, P. L. 886, preclude the granting of a divorce. That Act and the divorce Law of 1929, P. L. 1237, permit a wife to obtain a divorce on the grounds of cruel and barbarous treatment endangering her life or personal indignities such as to render her condition intolerable and life burdensome, without requiring that they shall be such as to 'force her to withdraw from his house and family,' as was requisite under the Act of March 13, 1815, 6 Sm.

L. 286; and put the wife on an equality with the husband as respects securing a divorce on those grounds." Since the Divorce Law of 1929, in proceedings for divorce a mensa et thoro, we see no reason for applying a different rule than in proceedings for absolute divorce. The Divorce Law of 1929, as amended by the Act of May 25, 1933, P. L. 1020, §46, provides that in divorces from bed and board, the court may allow the wife reasonable alimony pendente lite and reasonable counsel fees and expenses.

Appellant further complains that because libellant had a separate estate she was not entitled to the order. The testimony showed she had $1,850, balance of money realized from insurance upon a house that had been destroyed by fire, while the respondent's real estate was estimated as being worth between $7,150 and $20,000. There are no fixed rules as to the amount of alimony to be allowed. It is not to be measured solely by the wife's necessities. The husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are all to be considered in determining a fair and just amount which the husband should pay to maintain the wife: Karmany v. Karmany, 71 Pa. Superior Ct. 308, 310; Ray v. Ray, 89 Pa. Superior Ct. 566; Meinel v. Meinel 109 Pa. Superior Ct. 159, 167 A. 385. An examination of the record clearly establishes that the order was fair and reasonable.

Order affirmed.