## Tumini v. Tumini

*H. Leon Bennett,* for libellant.
*Maurice J. Friedman,* for respondent.

ALESSANDRONI, J., December 24, 1941.—This is a petition for the allowance of additional counsel fees. The sum of $35 was awarded to counsel for respondent at the institution of this action. The petition alleges that respondent's attorney filed a rule for a bill of particulars, and an answer to the libel, and thereafter appeared at seven meetings; that the master filed his report recommending a decree be granted on the grounds of indignities to the person, to which exceptions have been filed. It is further alleged that libellant is gainfully employed and earns $58 a week and that petitioner is without means to prosecute the exceptions. In an answer filed thereto, libellant averred that he was earning $54.45 a week, out of which he was paying respondent $11 a week in pursuance to a support order; that respondent and her daughter have continued to live in a home owned and maintained by libellant and that they used the entire home with the exception of one bedroom. He further averred that he is required to purchase his own meals and provide for his own laundry. It is denied that respondent is without means to prosecute the exceptions and reference was made to the testimony which tended to establish that respondent owned a property from which she was receiving $42.75 a month in rentals. In addition, reference was made to the refusal of respondent to testify as to the amount of money she had in bank and the name of the bank in which she deposits her money.

This court instructed counsel for respondent to take depositions in support of his petition. He has declined to do so. All the averments of the answer to the petition must therefore be taken as true. In considering the prayer of the petition, we must examine the husband's ability to pay, the separate estate of the wife, and the character, situation, and surroundings of the parties: Homler v. Homler, 120 Pa. Superior Ct. 66; Bowen v. Bowen, 124 Pa. Superior Ct. 544.

Having before us only the petition and answer, and having considered these factors as well as the income of libellant and the necessary expenses, we are of the opinion that the rule for additional counsel fee should be discharged.

### Order

And now, to wit, December 24, 1941, respondent's rule for additional counsel fee is discharged.