Tumini *v.* Tumini, Appellant.

Argued April 27, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Maurice J. Friedman,* for appellant.

*H. Leon Bennett,* for appellee.

364

OPINION BY HIRT, J., September 30, 1942:

The parties were married on October 2, 1937. Because of the conduct of respondent there was a complete severance of all marital relations and family life some time prior to April 9, 1939. Since that date both of the parties, though occupying separate quarters, have continued to live in a house owned by libellant. A divorce was granted libellant on the charge of indignities. The decree will be affirmed.

The parties, both of Italian extraction, are past middle life. The libellant though a citizen for 25 years does not speak English fluently; the respondent apparently considers herself somewhat superior. Libellant has been industrious and frugal and out of his moderate earnings had bought, and paid for, the property which the parties occupied as a home. Respondent entered into the marriage wholly for her convenience. Her testimony in a non-support hearing admits her motive; she testified: "I got married for the simple reason I needed a home." She had two children from her former marriage, then about 15 and 21 years of age who, with the consent of libellant, became part of the family after marriage; both of these children were treated with consideration by him. Of $54, his weekly wage, he gave his wife $20 for food for the family and he assumed all other maintenance expense. The balance of benefit from the marriage was greatly in respondent's favor. She secured a comfortable home and an adequate living for herself and her children and though relieved from responsibility on that score, gave little in return. Libellant had reared a son of a mentally deranged niece. The boy had lived with him from childhood and there was a bond of affection between them; the boy was 17 years old at the time of the marriage. He was serious minded and had secured a partial scholarship at LaSalle College. Libellant paid $175 each year, the amount of tuition not covered by the scholarship. Although respondent knew

of the arrangement and had agreed that this boy should continue to live with them, within two months after the marriage without consulting libellant, she sent all of the boy's belongings to the place where his mother was living and insisted upon his leaving the home. The boy has since lived with his mother. The payment of tuition for the boy was a source of contention. Respondent attempted to justify her act on the ground that libellant had refused to buy her a pair of shoes because he could not afford it. We cannot believe she was in need On her own admission, on a later occasion, she bought clothing and charged $108, the cost of it, to libellant. After driving the boy from the home of libellant, the respondent embarked upon an almost continuous course of intolerable conduct calculated to harass the libellant. We need not review the testimony. The occurrences as related by libellant not only support the charge of indignities but approach cruel and barbarous treatment. If true, libellant clearly is entitled to a divorce. It is contended, however, that libellant's testimony is not credible and that respondent's denial creates such balance in the proofs that the decree must be set aside. Cf. *Cerine v. Cerine*, 111 Pa. Superior Ct. 356, 170 A. 697. The principle has no application. Libellant's case does not rest wholly upon his testimony.

The libellant related in detail the circumstances attending each of the many indignities suffered by him. Respondent, with an air of self-righteousness which is not impressive, denied each incident, but only categorically. The master, who saw the parties, was "not favorably impressed with the testimony of the respondent"; he also referred to her attitude of animosity toward libellant throughout the hearings. The master's estimate of credibility is entitled to consideration. *Fulton v. Fulton*, 142 Pa. Superior Ct. 512, 17 A. 2d 222. But we need not rely upon the master's judgment; a reading of respondent's testimony convinces us that it is not entitled to belief.

In a non-support proceeding in 1939, the hearing judge, although he stated that he "was not impressed by the petitioner's case at all," nevertheless made an order of $11 per week, perhaps because of the expressed willingness of libellant to pay her something. We think it is apparent that respondent's sole motive in contesting this case is to insure a home for herself and daughter, (the son is no longer there) and the payment of support in some amount.

The fact that libellant has continued to live in the same house with respondent, under the circumstances, does not affect his right to a decree. The withdrawal of the husband from his own home has never been considered essential to the granting of a divorce on the ground of indignities. And such withdrawal by either injured and innocent spouse is not now required by the Divorce Code of May 2, 1929, P. L. 1237, 23 PS 10f, although the fact that the parties continue to live under the same roof is still a factor to be considered, bearing on the question of the severity of the acts and conduct, relied upon, as ground for divorce. *Cunningham v. Cunningham*, 119 Pa. Superior Ct. 380, 181 A. 458; *Hepworth v. Hepworth*, 129 Pa. Superior Ct. 360, 195 A. 924. We agree with the lower court that the fact of a continued common abode after the actual separation is of no importance in this case.

The refusal of the lower court to award additional counsel fees is also assigned as error. We find no merit in this complaint. The court in the prior non-support proceeding had notice of the weakness of respondent's position. Moreover while she denied having financial resources of her own, the testimony shows that she had a bank account (she refused to divulge the amount or the name of the bank) and that she owned a piece of real estate (with title in the name of a friend) from which she received rentals of $42.75 per month. The Divorce Code, as amended May 25, 1933, P. L. 1020, 23 PS 46 provides that "the court may, upon petition, in proper

cases, allow a wife ...... reasonable counsel fees and expenses." The act is not mandatory. Whether this was a proper case for the allowance of counsel fees, in the light of respondent's resources and her attempt to conceal them, the character of the parties, and all of the attending circumstances, was a question for the lower court to decide. There was no abuse of discretion. Cf. *Brong v. Brong,* 129 Pa. Superior Ct. 224, 195 A. 439; *Doemling v. Doemling,* 118 Pa. Superior Ct. 426, 179 A. 813; *Homler v. Homler,* 120 Pa. Superior Ct. 66, 181 A. 840.

Decree affirmed at the costs of respondent.