## Konetzny v. Konetzny

*Carlos Berguido, Jr.*, for libellant.

*J. Edgar Butler*, for respondent.

CRUMLISH, J., February 16, 1945.—This is a petition for additional counsel fees, alimony pendente lite, costs and expenses, filed by respondent wife against libellant husband, who instituted an action for divorce on the grounds of desertion and indignities to the person. The traditional and munificent sum of $35 has been awarded to counsel for respondent.

The petition avers that as a result of the institution of this proceeding respondent, in order to maintain a defense thereto, was compelled to retain counsel. Such counsel filed a rule for a bill of particulars, a rule for counsel fees, and an answer to the libel, and thereafter appeared at two meetings before the master and at a trial before our erudite and assiduous associate, Sloane, J. The petition lists, with particularity and detail, certain expenses, costs, and additional legal services alleged to have been incurred and the accounting therefor. The petition further avers that respondent has paid her counsel $130, and that libellant has paid $100 on account of alimony pendente lite to respondent and $46.50 to respondent's counsel for fees and expenses. Finally, it is averred that libellant is gainfully employed and is earning $50 per week. The petitioner requests that an award of $250 additional counsel fees and $306.16 costs and expenses be made by this court.

Libellant's answer alleges that certain of the costs and expenses enumerated in the petition are not properly chargeable in this proceeding. It is admitted that

libellant is earning $50 per week, but it is alleged that from this sum $11.60 per week is deducted for taxes and war bond purchases. His average weekly expenses for necessities amount to $22.97. In addition, libellant pays respondent $8 per week in pursuance of a support order and, prior to March 1, 1944, $10 per week for alimony pendente lite and thereafter $4 per week. These latter payments, totaling $100, have been made, in compliance with court order, to libellant's counsel and by him accumulated as a fund for the payment of such costs and expenses as the court may deem proper. Accordingly, libellant requests that this sum of $100 be paid to respondent in full compensation.

The theories upon which a wife may claim for alimony and for counsel fees and expenses are separate and distinct. Neither is a bar to the other. The one is based on the duty to maintain and support a wife and the other so that a wife may defend and justice be done in the particular proceeding, whether she be libellant or respondent: McClenen v. McClenen, 36 D. & C. 270, 273 (1939) (opinion by Sloane, J.). See Act of May 25, 1933, P. L. 1020, sec. 1, amending The Divorce Law of May 2, 1929, P. L. 1237, sec. 46, 23 PS §46. There are no fixed rules or standards for determination of the amount of alimony pendente lite, counsel fees, and expenses, beyond the requirement that they be reasonable: The Divorce Law, supra; Karmany v. Karmany, 71 Pa. Superior Ct. 308, 310 (1919); 139 A. L. R. 208; 2 Freedman, Law of Marriage and Divorce in Pennsylvania (1944) 943, §437. It is a matter which is left to the discretion of the court, to be determined according to the needs of the wife, the husband's ability to pay, the separate estate of the wife, and the character, situation, and surroundings of the parties: Homler v. Homler, 120 Pa. Superior Ct. 66, 68 (1935); Ray v. Ray, 89 Pa. Superior Ct. 566, 567 (1927); Koehler v. Koehler (No. 1), 73 Pa. Superior Ct. 41, 43 (1919); Brong v. Brong, 129 Pa.

Superior Ct. 224, 226 (1937) ; Tumini v. Tumini, 150 Pa. Superior Ct. 363, 367 (1942).

Respondent resides at 6719 Sixtieth Street, Brooklyn, N. Y. The title to this property is in her name and composes her separate estate. It was purchased in 1928 for $7,750, with a mortgage of $4,000, since reduced by $300. Thus the net equity therein is $4,050. Respondent's present income is composed of $8 per week, which she receives from libellant, in pursuance of a support order, and $6.50 per week as rental from two roomers in the above premises. Her total annual income is, therefore, $754. Concededly, such income is marginal.

However, as compared with libellant, respondent is in a favorable situation. Libellant is completely dependent upon the weekly earnings from his employment. He has no estate or other income. Libellant earns $50 per week. Therefrom $11.60 is deducted for taxes and war bond purchases. (True, the latter item is not an actual expense, but since it is not properly realizable until a future period it may be considered as a deduction from income.) In addition to his living expenses, he pays respondent $8 per week on the support order. We take judicial notice of the present high standard of living and must necessarily conclude that libellant's income is well saturated with expense.

Disposition of the original petition for alimony pendente lite was made by our learned and distinguished President Judge Oliver, who on November 22, 1943, made absolute the rule for alimony in the sum of $10 per week. On March 1, 1944, he reduced this order to $4 per week. Counsel for respondent has not advanced any reasons for the disturbance of this latter order. In addition, our current independent review of the facts of this case and the circumstances of the parties prompts and requires agreement with President Judge Oliver in the existing order for ali-

mony pendente lite. It is entirely proper. In Koehler v. Koehler, supra, the court said (p. 43) :

"The power to make the order is to be exercised for the purpose of maintaining the wife in a manner warranted by the station in life of the parties, during the period that the proceeding may with due diligence be prosecuted to a conclusion. The provision should be a reasonable one, not so large as to present a temptation to the wife, who is the libellant, to delay the proceeding, while continuing to live apart from her husband. The necessity of the wife constitutes the controlling element; in determining how much is necessary it is proper for the court to consider the station in life of the parties and the manner in which they have lived, as well as the ability of the husband to pay, but the order ought never to be made for the purpose of transferring a part of the estate of the husband to the wife, nor should it be made upon the theory that the wife is entitled, during the pendency of the proceeding, to the entire income of her dower interest in her husband's estate."

Libellant objects to the request for additional counsel fees by respondent. Counsel for respondent has received $35 from libellant. In addition, respondent has paid her counsel $130 and admittedly owes him a balance of $70. Thus, counsel for respondent will have received $235 for the defense of this action. In the instant case we are constrained to conclude that such a sum is ample compensation for the services rendered. See Bowen v. Bowen, 124 Pa. Superior Ct. 544, 547 (1937), where the court said:

"Counsel fees in divorce actions should bear some fair relation to the libellant's estate and station in life; and special care should be taken that the allowance is not such as to encourage unnecessary prolongation of the hearings. . . . It is well recognized that in divorce cases brought by persons of small means large counsel fees cannot be paid, and attorneys who press or de-

fend such actions understand this and make due allowance therefor. The necessities of the case require it and the profession generally recognizes it."

That respondent has paid the greater part of the fees to her counsel does not necessarily require a reimbursement to her. In fact, to us these payments serve as another link in the chain which confirms our conclusion that respondent's financial situation is more favorable than libellant's. The attending circumstances compel our determination that the award of additional fees to respondent's counsel would result in injustice and undue hardship to libellant.

The final objection is directed to the request for the allowance of costs and expenses which respondent has so particularly listed in her petition. Every contest carries with it the incurring of certain expenditures. However, good conscience and fair dealing require that these costs and expenses be not protracted. They are proper only when reasonable and necessary. A wife cannot spend without limit and expect reimbursement from her husband. To permit such practice would be to frustrate a purpose of the law. In the light of these factors, we accordingly make disposition. This proceeding has been extended beyond the means of libellant. However, we are of the opinion that, since certain of the costs and expenses were properly incurred, an award of the $100 fund now in the possession of libellant's counsel be made to respondent in full discharge for all costs and expenses incurred and hereafter to be incurred in connection with this litigation.

## Order

And now, to wit, February 16, 1945, respondent's rule as to additional counsel fees and alimony is dismissed. As to the rule for costs and expenses, rule absolute in the sum of $100.