## Evans v. Evans

*Thompson Bradshaw*, for libellant.
*A. G. Helbling*, for respondent.

McCREARY, P. J., April 1, 1947.—On February 19, 1947, libellant filed a libel in divorce against her husband, respondent, asking that a decree a mensa et thoro be entered by the court after hearing. A subpoena was issued returnable to the first Monday of April 1947. On March 7, 1947, the Sheriff of Beaver

County served respondent, personally, with a copy of the subpœna, and on the same day libellant filed her petition in court asking for a rule on respondent to show cause why he should not pay libellant's counsel fees, costs and expenses in the sum of $500, and reasonable maintenance pendente lite until final hearing. The issuance of the rule was waived by A. G. Helbling, attorney for respondent, on the same date, and service thereof accepted by him on behalf of respondent, a general appearance having been entered of record by said A. G. Helbling on behalf of respondent simultaneously with the signing of the waiver.

The matter was set down for hearing on March 21, 1947, at 9 a.m. At the time and place set for the hearing libellant appeared with her witnesses, but respondent did not appear. Whereupon, the court fixed March 28, 1947, at 9 a.m. as the time for hearing, in order to give libellant's counsel time to have a subpœna issued and served on respondent so that libellant may have an opportunity to put respondent on the witness stand for the purpose of developing a portion of her case by cross-examination of respondent.

At the time and place set for the continued hearing, the case was called and respondent again failed to appear. The record discloses that efforts were made by libellant, through her counsel and otherwise, to locate the respondent, but it is apparent that respondent has left his usual place of employment where he had a responsible position with the St. Joseph Lead Company, such that in the year 1946 his earnings were in excess of $5,100. Respondent was fully aware of the pendency of the proceeding for counsel fees, alimony pendente lite and costs, but was also aware of the fact that a divorce suit which he filed in the State of Ohio in July 1946, and which he proceeded with in fraud of the rights of libellant, is vulnerable and voidable, and that his conduct in that proceeding was such as to pos-

sibly subject him to criminal prosecution in the State of Ohio.

In view of the situation, the court permitted the hearing to proceed in the absence of respondent and the record of the proceeding was transcribed by one of our official court stenographers.

From a consideration of the testimony taken at the hearing above mentioned, the court is convinced that libellant is entitled to an allowance for reasonable alimony pendente lite and reasonable counsel fees and expenses, as provided by The Divorce Law of May 2, 1929, P. L. 1237, as amended by the Act of May 25, 1933, P. L. 1020, sec. 1, 23 PS §46.

It appears from the record that in the month of July 1946 libellant, with the knowledge and consent and blessing of respondent, made a trip to visit friends and relatives in Billings, Mont., and St. Louis, Mo., and that while absent from the domicile of the parties, which was in Beaver County, Pa., she was in telephone communication with respondent, her husband, at regular intervals. It is apparent that respondent knew the exact address of his wife, libellant, while she was visiting in Billings, Mont., as well as her exact address when she reached the home of her relatives in St. Louis, Mo. It is also apparent that he knew of her whereabouts at the time he filed his libel in divorce in Lisbon, Columbiana County, Ohio, in July 1946, a package mailed by libellant to respondent with her return address on it, having been received by him in her absence and having been found by libellant upon her return to their home in October 1946. The outside cover of the carton was produced in court as an exhibit by libellant, showing that it was insured and postmarked by the post office at Billings, Mont.

When libellant was in St. Louis, Mo., and called her husband, respondent, by telephone, about a week or so before she returned home, she was informed by

respondent that she would not be welcomed home by him. He knew at that time that he had filed a libel in divorce in Columbiana County, in the State of Ohio, wherein he had made affidavit that he did not know of the whereabouts of his wife, libellant, and knowing full well that the divorce decree in the Ohio jurisdiction had not, at that time, been entered by the Columbiana County Court, and knowing that, at the time of the telephone call, he had not yet even had a hearing on the libel which he filed in that court.

Upon the return of libellant to her home, on October 28, 1946, she received a very cold reception from her husband, respondent, and was subjected to such treatment by respondent as to compel libellant to move from their home.

While libellant was visiting in St. Louis she was informed by her husband, respondent, by telephone, that the place in which they had resided had been sold, and when investigation was made of the circumstances surrounding the sale, it appears as a matter of record that respondent sold his interest in the real estate which constituted the home of the parties, reciting in the deed that he was a single man. Up to the time of this investigation wife, libellant, was not aware of the fact that respondent had any title to the real estate, and that he was buying the same on articles of agreement, she having been previously informed by him that they were occupying the premises as tenants under a lease.

Libellant is without means of support, and is in need of money with which to defray the expenses of the divorce action a mensa et thoro now pending in the Court of Common Pleas of Beaver County, Pa., at the above stated number and term, and is without means with which to pay counsel fees and to defray the expenses which will necessarily be involved for the proper prosecution of that action. One of the incidental ex-

penses to which she will be subjected in the proper prosecution of her divorce action will be the cost of employing counsel in Columbiana County, Ohio, to have set aside the spurious divorce which was granted by that court in reliance of the court upon the affidavit of the above-named Charles O. Evans to the effect that he had been a bona fide resident of the State of Ohio for one full year prior to the institution of his divorce action in Ohio, and that he was a bona fide resident of Columbiana County, in that State, for a period of more than 30 days prior to the filing of his libel in the Columbiana County courts, and in further reliance on the affidavit of said Charles O. Evans to the effect that the whereabouts of his wife, Pearl Myra Evans, was unknown to him. By reason of the affidavit as to lack of knowledge of the whereabouts of his wife, the said Charles O. Evans induced the Court of Columbiana County to make an order of publication.

If the divorce obtained in the State of Ohio, under the circumstances above described, is of any validity, then, necessarily, this court has no jurisdiction to hear and determine the action now pending in our courts wherein libellant seeks a divorce a mensa et thoro from respondent. If the marriage relation between these parties has been already dissolved by a court of competent jurisdiction in the State of Ohio, we have no jurisdiction to hear the pending action.

We are therefore of the opinion that the counsel fees and expenses which will be incurred in going to the State of Ohio to have set aside the spurious decree of that court founded on the fraud of libellant in that case, respondent in the case now before us, is an expense necessarily tied up with the divorce action we now have for consideration, docketed at the above stated number and term.

Respondent holds a very responsible position at the St. Joseph Lead Company, a prosperous concern em-

ploying thousands of men and women in this county. He earned in excess of $5,100 in the year 1946, and his income has been increasing annually for the past several years, such that his prospects for earnings this year, if he were to stay on the job, would be greatly in excess of $5,100. Libellant, Pearl Myra Evans, being without funds, and without a home, and without money to get her furniture out of storage so that she may set up an apartment or home for her accommodation pending the litigation, is entitled, under the provisions of The Divorce Law of Pennsylvania, supra, to a reasonable amount of money for her support pendente lite, and for counsel fees and for expenses that will necessarily be incurred in her attack on the Ohio divorce decree, and in prosecuting the pending action. In view of the total expense which she will have by reason of the circumstances above described, we are convinced $500 is not excessive by way of an allowance to her for counsel fees and expenses which she will necessarily incur in attacking the Ohio decree and in prosecuting her rights in the pending litigation.

We are further of the opinion that, in view of the earnings of respondent, Charles O. Evans, the payment of $100 per month, by way of alimony pendente lite for the support of his wife, is not unreasonable, and we are further of the opinion that it is not unreasonable to date the order as of the date of filing the petition for alimony and counsel fees, namely, March 7, 1947. Where the request for alimony is promptly made, the order may properly date the payments back to the filing of the petition: Ray v. Ray, 89 Pa. Superior Ct. 566.

Ordinarily, we would not assume jurisdiction to hear and determine a rule for counsel fees and alimony pendente lite until after the subpœna in divorce had been duly served personally on respondent and duly returned by the sheriff. Respondent is ordinarily not in court until the subpœna has been served on him and

returned by the sheriff, but we do not have that situation in this case. As stated above, the subpœna was duly served on respondent by the sheriff on March 7, 1947. On the same day A. G. Helbling, a member of this bar, entered his appearance as attorney for respondent, waived the issuance of the rule and accepted service of a copy of the same on behalf of respondent simultaneously with the presentation of the petition for the rule. Thereafter, on March 21, 1947, respondent filed an answer to the rule denying the right of the court to proceed with the matter by reason of the fact that he was not yet in court. This answer was prepared and filed by his counsel, A. G. Helbling. We are at a loss to understand how respondent is in a position to deny the jurisdiction of the court when a general appearance was entered for him by his counsel on the day the rule for counsel fees was issued. In our opinion he is just as much in court as he would be if the sheriff had, in addition to serving him with a copy of the subpœna, returned the same to the prothonotary's office. Certainly, in that case, the court would have jurisdiction, and a fortiori he is in court, and subject to the jurisdiction of the court, by reason of his causing a general appearance to be entered on March 7, 1947, and by reason of his having answered the rule by answer filed March 21, 1947.

We, therefore, make the following

### Order

Now, to wit, April 1, 1947, the above-entitled matter having come on for hearing, and for the reasons stated in the foregoing opinion, it is now ordered, adjudged and decreed that respondent, Charles O. Evans, pay to libellant, Pearl Myra Evans, the sum of $500 by way of counsel fees and expenses that will be involved in the prosecution of her attack on the alleged divorce decree wherein Charles O. Evans was libellant and Pearl Myra Evans was respondent, as

well as the expenses that will be involved in the prosecution of her pending action for divorce a mensa et thoro in the Court of Common Pleas of Beaver County; and further ordered that he pay to libellant the sum of $100 per month by way of alimony pendente lite from March 7, 1947, until further hearing, or until the final termination of the action pending at the above stated number and term.